BENJAMIN SAUNDERS v. W. O. P. LEE *et al.*

*Fraud—Notice—Purchaser—Evidence—Burden of Proof.*

1. A conveyance made with an intent to defraud creditors, is nevertheless valid against the maker and all others, except creditors and those who purchase under a sale made for their benefit; and until the title thus conveyed is divested by some proceeding instituted by the creditors, it is sufficient to support an action for the recovery of the land and damages for its detention.

2. A purchaser for a valuable consideration, and without notice, from a fraudulent grantee, acquires a good title against the creditors of the fraudulent grantor.

3. The party who alleges fraud in the execution of a deed, must prove it; and upon the production and proof of the deed, the burden is upon him who assails it to prove the facts which may vitiate it.

This is a CIVIL ACTION which was tried before *Montgomery, J.,* at Spring Term, 1888, of GATES Superior Court.

William H. Lee, under whom the parties to the action claim, on September 12th, 1867, by deed, and for the recited consideration of sixteen hundred dollars, conveyed the tract of land described in the complaint to Mills H. Eure, who, on May 8, 1880, for the alleged consideration of twenty-five hundred dollars, in the like manner conveyed to Benjamin Saunders. Shortly thereafter the latter entered upon the premises, and held possession until his death, when the

plaintiff, his son and only heir at law, took and delivered possession to a tenant who remained until the expiration of his term in January, 1883.

During this occupancy, and while the tenant was temporarily absent from his family, who continued to occupy the dwelling house, John P. Lee moved upon the premises and there remained until his death, as have his children, the defendants in this action, since his decease.

The present action was instituted on September 23d, 1885, to recover possession and damages for withholding it.

The answer of the defendants denies the allegations made in the complaint of title in the plaintiff, and any wrongful withholding from him, but admits that they have, since their father's death, retained possession of the land with no title thereto.   At the April Term, 1887, W. D. Pruden made application to be admitted into the action as a co-defendant, supported by an affidavit, wherein he states that one Gatling having a debt against said William H. Lee, after the conveyance to Eure, but before his conveyance to Saunders, sued for and recovered in the Superior Court of Gates County judgment therefor, which was afterwards transferred to said John P. Lee, who, after the death of the former, proceeded against the debtor's heirs at law and caused execution to issue upon a sale, under which affiant became purchaser and took the Sheriff's deed conveying the land in April, 1886; that the deed to Eure, as affiant is advised and believes, was made with intent to defraud creditors, and is void, and that since the defendants have attorned to him and become his tenants.

The motion had been disallowed, but on the filing of the affidavit was granted, and thereupon the said Pruden filed his answer to the complaint, in which he reiterates the statements in the affidavit in regard to the rendition of judgment and the proceedings thereunder, terminating in the purchase and conveyance of the land to him, and repeats the averment

that the deed to Eure was without any consideration and fraudulent.

The plaintiff replies to these allegations, and says that the said William H. Lee was adjudged a bankrupt and duly discharged of his debts, including the said judgment, whereby the proceedings to enforce the same were rendered null and void; that the deeds under which he claims were both *bona fide* and for value, and that if that to Eure were fraudulent, his vendee, the plaintiff's father, purchased and paid for the land in good faith, and took the deed therefor without notice of the fraud or fraudulent intent of said Lee and Eure, and his title is unaffected thereby.

Upon the trial the deeds relied on by the plaintiff were exhibited in evidence, but he produced no proof other than the recitals contained in them of the consideration of either. The defendant introduced no evidence, and the Court charged that the plaintiff was not entitled to a verdict, whereupon the plaintiff submitted to a nonsuit and appealed.

*Messrs. L. L. Smith* and *E. F. Aydlett*, for plaintiff.
*Mr. W. D. Pruden*, for the defendants.

SMITH, C. J., (after stating the case.) The case stated on appeal is very vague, but we understand from it and the course of the argument here that the instruction proceeds upon the assumed necessity of the plaintiff's offering further proof of the consideration of the deeds in order to a verdict in his favor.

If there were no error in this view of the law, it is plain the plaintiff was entitled to recover against the original defendants, who are admitted to be trespassers in the unlawful possession of the land, damages for the use and detention up to the period of the purchase and conveyance to the defendant Pruden, as he could give no protection to them by at-

tornment or otherwise, when he had no claim to the land himself.

This results from the rule that a conveyance made to defraud creditors is effectual against the bargainor, and all others, except creditors seeking to subject the property to their demand, and such as may buy under a judicial sale consequent upon such proceedings, and in the latter case the title is divested by and after such sale.

As the direction to the jury is unqualified and declares, as we interpret the language, the plaintiff entitled to no relief, in submission to which the nonsuit was suffered, we should be compelled to grant a new trial for this error, if there were no other in the ruling.

But aside from this, and without passing upon the proposition argued with earnestness before us, that the recital is *prima facie* sufficient evidence of the valuable consideration passing between the parties to the assailed deed, the present plaintiff avers his ancestor to have been a purchaser for a full and valuable consideration without notice, actual or constructive, of the fraud imputed, and that his title is consequently unaffected by the unknown presence of the vitiating element in the transaction, and as the validity of the conveyance, as such, to the bargainee Saunders, is not called in question, unless he had notice of the fraud, the recital is sufficient to sustain the consideration of the deed to him without other proof. The question is thus raised, upon whom of the parties to the suit devolves the burden of showing notice, or such facts as would put the vendee on inquiry as to the *bona fides* of the deed to Eure?

The principle is well settled in a series of adjudications in this State, as elsewhere, that one who buys from a fraudulent grantee, for a valuable consideration and without notice, acquires a good title against the creditors of the original fraudulent grantor. *Martin* v. *Cowles,* 1 D. & B., 29; *King* v. *Trice,* 3 Ired. Eq., 568; *King* v. *Cantrel,* 4 Ired., 251;

*Young* v. *Lathrop,* 67 N. C., 63; *Wade* v. *Sanders,* 70 N. C., 270.

The general rule which requires one who alleges fraud to prove it, would seem, upon the production and proof of the deed, to call on the defendant to show the facts that plant the infectious element in the instrument and warrant the jury in finding its presence. But the proposition finds support, not only in the reasonableness of it, but is recognized in adjudged cases in this Court.

In *McGahee* v. *Sneed,* 1 D. & B. Eq., 333, it is held that when a purchaser from a fraudulent grantee seeks relief on the ground that he is an innocent purchaser without notice, he must deny notice, and so he must in an answer when he sets up the same defence to the bill of an impeaching creditor; and GASTON, J., delivering the opinion, after thus stating the rule, adds:

"The want of notice is an essential part of his equity in the one case, and of his defence in the other, and it is a general rule in pleading, that whatever is essential to the right of the party must be averred by him.

"But when a plaintiff would convert a purchaser into a trustee, and seeks to charge him because he bought with notice, and therefore *mala fide,* if the allegation of notice is not admitted, *the plaintiff is bound to prove it.* Should the answer be silent, or not sufficiently explicit in this respect, the plaintiff may except to the answer, and require one more full and perfect. But if he does not except, *and cannot prove the notice, he must fail because a material part of his equity is not established.*"

The defendant occupies a similar relation to the plaintiff, and if he did impeach the deed to Saunders, he has offered no evidence to support the charge.

But a more effectual answer is found in the fact that while the first deed is assailed for fraud in its execution, the second is not attacked in any way in the answer, and is, moreover,

vindicated in the replication, and any notice of the fraud expressly denied.

There is therefore error in the instruction given to the jury that "the plaintiff was not entitled to recover;" that is, has not furnished evidence of his title sufficient to warrant a verdict from the jury, and the nonsuit must be set aside and a new trial given.

Error.