In re Walter L. MILES, aka Walter Lee Miles, Jr., aka Bud Miles, Debtor.

Bankruptcy No. 281–03033–D–7.

United States Bankruptcy Court, E.D. California.

Nov. 10, 1983.

James & Wiswell by Judith A. Wiswell, Folsom, Cal., for creditor, John Jang.

Felderstein, Rosenberg & McManus by Michael McManus, Sacramento, Cal., for debtor, Walter L. Miles.

## MEMORANDUM OPINION AND DECISION

LOREN S. DAHL, Bankruptcy Judge.

*Statement of Facts*

WALTER L. MILES (hereinafter Debtor) filed a voluntary petition for relief under Chapter 7 of the Code on August 14, 1981. Debtor's wife did not file a petition for relief. Debtor holds record title to the property with his wife (who has not filed bankruptcy) as joint tenants. In his Schedule B–1, Debtor listed a one-half interest in a residence located at 451 Estates Drive, Sacramento, CA, at a value of $75,000.00. The one-half joint tenancy interest of the wife was not scheduled as a real property asset of the estate. In his Schedule B–4, Debtor claimed a homestead exemption in this residence pursuant to Civil Code section 1237 et seq. at a value of $45,000.00. The Trustee in Bankruptcy, James Cussen, did not file an objection to Debtor's claim of exemption, nor did he object to the fact that the debtor had scheduled only his one-half interest in the residence and not that of his wife.

On January 18, 1982, JOHN JANG (hereinafter Creditor), filed an "Application to Determine Value of Estate's Interest in Non-Exempt Property of the Debtor and for Order to Sell Said Interest." Creditor's application contains two primary assertions. First, Creditor asserts that the residence is held by Debtor and his wife not as joint tenants but as community property. Creditor reasons that because of the character of the property the entire fair market value (hereinafter FMV) of the residence should be included in Debtor's Schedule B–1 as a real property asset. This characterization of the residence is contested by the Debtor.

Secondly, Creditor asserts that the FMV of the residence is greater than the total amount of all liens, encumbrances and the homestead exemption on the residence. Creditor does not contest the validity of Debtor's homestead exemption. It is Creditor's conclusion that there is equity in the residence that passes to the bankruptcy estate and the court should order the residence sold to realize the equity in the estate for the benefit of creditors.

## ISSUES

The first issue of law that is before the court concerns the characterization of ownership of the subject property by Debtor and his wife. Do the Debtor and his wife own it as community property or not?

California Civil Code Section 5110 provides that a general presumption exists with respect to property acquired during the marriage by a married person domiciled in this state. "[A]ll real property situated in this state . . . acquired during the marriage by a married person while domiciled in this state, . . . is community property; . . ." Civil Code Section 5110. This is not the more specific presumption of Section 5110 that provides, "When a single-family residence of a husband and wife is acquired by them during marriage as joint tenants, for the purpose of the division of such property upon dissolution of marriage or legal separation only, the presumption is that such single-family residence is the community property of the husband and wife." Prior to the enactment of this specific presumption, the general presumption of community property could be overcome by the taking of title in the form of joint tenants. See *In re Marriage of Lucas,* 27 Cal.3d 808, 813, 166 Cal.Rptr. 853, 614 P.2d 285 (1975). The presumption arising from the form of title then could only be overcome by evidence of an agreement or understanding between the parties that the interests were to be otherwise. *In re Marriage of Lucas, id.* at 813, 166 Cal.Rptr. 853, 614 P.2d 285. The California Supreme Court held that the specific presumption of community property of the single-family residence on divorce

or legal separation could only be overcome by the showing of an understanding or agreement to the contrary. *In re Marriage of Lucas, id.* at 815, 166 Cal.Rptr. 853, 614 P.2d 285.

■ Since this is not a case of dissolution or legal separation, the general presumption of community property would apply, subject to the traditional methods of rebuttal. By taking title to the property as joint tenants, the Debtor and his wife have rebutted the general presumption that the home was acquired as community property. With the presumption rebutted, the burden of going forward rests on the party attacking the state of title. The Creditor has failed to present evidence that would show a contrary intention of the parties. Therefore, this court finds that the Debtor holds merely an undivided one-half interest in the residence as a joint tenant.

Having concluded that the character of the property ownership is not community property but rather joint tenancy, is the Debtor permitted to apply the total sum of the liens, encumbrances and the homestead exemption against the FMV of his one-half interest in the residence for purposes of determining equity in the property?

This is the major legal issue in the case. The issue can be restated to read, which decision should this court follow: the *Bonant* decision, 1 B.R. 335 (1979), a decision rendered by Judge Dooley of the Central District of California Bankruptcy Court, or the *Schneider* decision, 9 B.R. 488, an appellate decision rendered by Judge Patel of the United States District Court, Northern District of California?

The *Bonant* court made a fundamental departure from prior bankruptcy law and California state law. It held that, for purposes of evaluating a state homestead exemption the bankruptcy court is not bound by state statutory and decisional law. The court came to this conclusion by reasoning that because the California Supreme Court had not ruled on the issue and because all prior cases dealing with the issue were not decided in a bankruptcy context, the bankruptcy court was free to arrive at its own

formula for determining whether or not equity existed in a residence held by a debtor and his or her spouse as joint tenants.

The *Bonant* court then developed a formula which subtracted the total of all liens, encumbrances and the value of the homestead exemption from the FMV of the residence and if there was equity in the residence (as there was in that case) then the equity was equally divided, one half to the Debtor's bankruptcy estate and the other half to the nondebtor spouse.

This formula was clearly contrary to the state court decisions to that date which held that in order to effectuate the language of Civil Code section 1254 the interest subject to sale must exceed in value the statutory homestead exemption specified in section 1260 before the interest may be sold under execution. This reasoning is exemplified by the case of *Schoenfeld v. Norberg,* 11 Cal. App.3d 755, 90 Cal.Rptr. 47 (1970).

■ The *Schneider* court directly addressed the *Bonant* decision and rejected its reasoning. Judge Patel found that the bankruptcy court is bound by state law for purposes of construing a state homestead law. Judge Patel looked to the language of 11 U.S.C. section 522(b)(2)(B)

"any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law."

Judge Patel concluded that this language leads to the inexorable conclusion that the amount and method of calculation is to be determined by state nonbankruptcy law, as enumciated in *Schoenfeld, supra.* The *Schneider* case appears to be the better reasoned opinion because it not only cites specific language within the Code, but it also directly attacks the reasoning of the *Bonant* case which used no prior precedents for its conclusions. This court declines to adopt the rationale of *Bonant* and instead concludes that the *Schneider* opinion correctly states the law.

## CONCLUSION

■ Applying the *Schoenfeld* formula as followed by the *Schneider* court, it is of no consequence whether the valuation of the subject property as asserted by Creditor ($170,000.00) or of Debtor ($150,000.00) is accepted as the correct value, for under either there remains no equity for the Debtor's estate, viz:

| Value per Creditor | | Value per Debtor | |
|---|---|---|---|
| Creditor | $180,000.00 | Debtor | $150,000.00 |
| One-half Value | 90,000.00 | One-half Value | 75,000.00 |
| Deeds of Trust (undisputed) | (44,571.00) | Deeds of Trust (undisputed) | (44,571.00) |
| Tax Liens (Federal) (undisputed) | (47,216.03) | Tax Liens (Federal) (undisputed) | (47,216.03) |
| Homestead Amount (undisputed) | (45,000.00) | Homestead Amount (undisputed) | (45,000.00) |
| Surplus Equity | –0– | Surplus Equity | –0– |

For the above reasons, the application (motion) of Creditor JANG must be denied. This Memorandum Opinion and Decision shall constitute Findings of Fact and Conclusions of Law. Counsel for the Debtor is requested to prepare and submit an Order consistent herewith.