**In re Anne Tattoli MARTIN, Debtor.**

**James Oliver CARTER, Trustee, Plaintiff,**

v.

**HCL LEASING CORPORATION, Defendant.**

**Bankruptcy No. 87–02856–SN7. Adv. No. S–88–0030–AP.**

United States Bankruptcy Court, E.D. North Carolina.

July 11, 1988.

Michael R. Mitwol, Wilmington, N.C., for debtor.

James Oliver Carter, Wilmington, N.C., for trustee.

Harold P. Laing, Wilmington, N.C., for HCL Leasing Corp.

## MEMORANDUM OPINION AND ORDER

A. THOMAS SMALL, Bankruptcy Judge.

The matters before the court are an adversary proceeding filed on February 23, 1988, by James Oliver Carter, the chapter 7 trustee, against HCL Leasing Corporation ("HCL") which seeks to avoid a judgment lien in favor of HCL and a motion filed by HCL on February 28, 1988, which asks that the automatic stay be lifted to allow HCL to pursue a state court action to set aside

an alleged fraudulent conveyance from the debtor, Anne Tattoli Martin, to the debtor's mother, Rose Leete. On March 2, 1988, the chapter 7 trustee filed the only response to HCL's stay motion which objected to the stay being lifted on the grounds that the issues which HCL seeks to determine in state court by having the stay lifted are more appropriately decided in the pending adversary proceeding. After proper notice, a hearing on HCL's stay motion was held in Raleigh, North Carolina, on June 27, 1988. At that hearing, the parties agreed that the court could treat HCL's stay motion and the trustee's response as cross motions for summary judgment in the adversary proceeding.

## FACTS

The relevant facts are undisputed. In December of 1986, HCL filed a state court civil action against Anne Tattoli Martin in New Hanover County, North Carolina. On April 10, 1987, while that action was pending, a deed conveying real property located in New Hanover County from Anne Martin to her mother, Rose Leete, was recorded in New Hanover County. Two weeks later, on April 24, 1987, HCL received a state court judgment in its favor in the principal amount of $6,373.20 and the judgment was docketed that same date in New Hanover County.

On August 21, 1987, HCL filed a complaint in state district court against Anne Martin and Rose Leete which sought to set aside the real property transfer of April 10, 1987, as a fraudulent conveyance. HCL also filed a notice of *lis pendens* pursuant to N.C.GEN.STAT. § 1–116 on the property in question in New Hanover County that same date. On September 4, 1987, apparently in response to HCL's fraudulent conveyance action, the property which Anne Martin had conveyed to Rose Leete in April of 1987 was reconveyed to Anne Martin. The time for Anne Martin to have filed an answer to HCL's fraudulent conveyance action expired on September 29, 1987, with-

out an answer having been filed by Ms. Martin. However, no judgment has been entered in that action. Ms. Martin filed a petition for relief under chapter 7 of the Bankruptcy Code on November 16, 1987.

The chapter 7 trustee does not dispute that the transfer of real property from Anne Martin to Rose Leete on April 10, 1987, was a fraudulent conveyance under North Carolina law.

## DISCUSSION AND CONCLUSIONS

In his complaint against HCL, the trustee contends that the judgment lien of HCL on the property which the debtor conveyed to her mother on April 10, 1987, and which was reconveyed to the debtor on September 4, 1987, constitutes a preferential transfer which may be avoided under 11 U.S.C. § 547(b). In order to prevail on an action to avoid a preferential transfer under 11 U.S.C. § 547, the trustee must prove the following elements: (1) a transfer of an interest of the debtor in property; (2) to or for the benefit of a creditor; (3) on account of an antecedent debt; (4) made within ninety days (or one year if the creditor was an "insider") prior to the filing of the bankruptcy petition; (5) at a time when the debtor was insolvent; (6) which enabled the creditor to receive more than it would have in a chapter 7 distribution. *See In re Day Telecommunications, Inc.*, 70 B.R. 904, 908 (Bankr.E.D.N.C.1987). In the joint preconference report in the adversary proceeding filed on May 10, 1988, the parties stipulate that the only legal issues remaining to be decided under § 547 are whether the transfer occurred within ninety days before the date of the filing of the debtor's bankruptcy petition and whether that transfer, if not avoided, would enable HCL to receive more than it would otherwise receive in this chapter 7 case.[1] The court will consider these two elements in sequence.

A judgment lien in favor of a creditor on real property of the debtor constitutes a transfer to or for the benefit of that creditor. *In re Wilmington Nursery*

---

**1.** The report states that another unresolved issue is when HCL's judgment lien attached to the debtor's real estate, but the court considers that issue to be part of the question of whether the transfer occurred within the ninety day period.

*Co.,* 36 B.R. 813 (Bankr.E.D.N.C.1984). The critical question in this case is when the judicial lien on the debtor's property was "made" within the meaning of § 547 of the Bankruptcy Code. If the transfer was made when HCL docketed its judgment on April 24, 1987 (even though the property in question was titled in the name of Rose Leete at that time), then the transfer occurred more than ninety days before the debtor filed her bankruptcy petition on November 16, 1987, and would not be avoidable under § 547. On the other hand, if the transfer is not considered to have been made until HCL filed its notice of *lis pendens* on August 21, 1987, or when the property in question was reconveyed to the debtor on September 4, 1987, then the transfer did occur within ninety days prior to the filing of the bankruptcy petition and is subject to avoidance under § 547.

 Under § 547(e)(2), a transfer is deemed made for purposes of § 547—

(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time; [or]

(B) at the time such transfer is perfected, if such transfer is perfected after such 10 days....

Thus, if a transfer is perfected within ten days, the date of the transfer relates back to the time that the transfer took effect between the parties to it. However, if the transfer is not perfected within ten days, the date of perfection is the date of the transfer. *See In re Gulino,* 779 F.2d 546 (9th Cir.1985).

 Section 547(e)(1)(A) defines when a transfer of an interest in real property is perfected:

[A] transfer of real property other than fixtures, but including the interest of a seller or purchaser under a contract for the sale of real property, is perfected when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee....

The rule that a transfer of real property is perfected when a *bona fide* purchaser could not have acquired a superior interest to that of the transferee is applicable when the transfer is the taking of a judgment lien on the debtor's real property. *See In re Proffitt Construction Company,* 73 B.R. 288 (Bankr.D.Kan.1987). Under the test of § 547(e)(1)(A), perfection does not occur until a hypothetical *bona fide* purchaser could not have obtained a superior interest; it is not necessary that there have actually been such a purchaser. *Id.* at 291. In determining whether events have occurred which preclude a *bona fide* purchaser from taking a superior interest in real property, the bankruptcy court is to look to state law. *In re Gulino,* 779 F.2d at 550.

Under North Carolina law, a docketed judgment constitutes a lien on the real property owned by the debtor at the time of the docketing or which the debtor subsequently acquires within ten years from the date of the judgment. N.C.GEN.STAT. § 1–234. *See also In re Wilmington Nursery Company,* 36 B.R. 813 (Bankr.E.D.N.C.1984). However, the general rule under North Carolina law is that, with respect to property acquired after a judgment lien is docketed, the lien is created when the property is acquired, not when the judgment is docketed. *Matter of Clowney,* 19 B.R. 349, 352 (Bankr.M.D.N.C.1982) (citing *Webster's Real Estate Law in North Carolina,* §§ 409 and 415 (Hetrick ed. 1981)). If that general rule is applied in the present case, HCL's judicial lien would have been made within ninety days prior to the filing of the debtor's bankruptcy petition on November 16, 1987, because the debtor first acquired the property in question subsequent to the docketing of HCL's judgment on September 4, 1987, seventy-three days before the filing of the debtor's bankruptcy petition.

HCL argues, however, that, because the transfer of property from Ms. Martin to her mother on April 10, 1987, was a fraudulent conveyance, that transfer should be retroactively voided. HCL contends that, since the transfer to her mother is void, Ms. Martin was the owner of the property when HCL docketed its judgment on April 24, 1987, and that its judgment lien on the

property became effective on that date. In support of its position, HCL cites *Chrysler Credit Corporation v. Burton,* 599 F.Supp. 1313 (M.D.N.C.1984), in which the district court applied North Carolina law to what it deemed issues of first impression. In *Burton,* as in the present case, the debtor made an allegedly fraudulent conveyance of real property several weeks before the creditor docketed its judgment against the debtor. The district court retroactively voided the debtor's transfer of property to his fiancee as a fraudulent conveyance and held that the creditor's judgment lien became an encumbrance on the property on the date that it was docketed even though the judgment was not docketed until after the fraudulent conveyance.

Assuming that the conveyance from the debtor to her mother in the present case was fraudulent, *Burton* supports the conclusion that HCL's judgment lien took effect between the debtor and HCL within the meaning of 11 U.S.C. § 547(e)(2)(A) on April 24, 1987, the date that the judgment was docketed. However, *Burton* does not support the conclusion that HCL's judgment lien was perfected at that time or within ten days thereafter. In *Burton,* the judgment debtor and the judgment debtor's wife, who had been his fiancee at the time she received the fraudulent conveyance, executed a deed of trust on the property in question more than a year after the fraudulent conveyance. The district court held that, because the judgment creditor had not filed a notice of *lis pendens* prior to the time that the deed of trust was executed, the holder of that deed of trust was a *bona fide* purchaser whose interest had priority over the previously docketed judgment lien. *See also Saunders v. Lee,* 101 N.C. 3, 7 S.E. 590 (1888), in which it is stated that one who buys from a fraudulent grantee for valuable consideration and without notice acquires good title against creditors of the original fraudulent grantor. Based upon *Burton* and *Saunders,* the court holds that HCL's judgment lien was not perfected prior to the time HCL filed its

notice of *lis pendens* on August 21, 1987. Before the notice of *lis pendens* was filed, a *bona fide* purchaser of the property would have had a superior interest in the property to that of HCL. Therefore, the transfer of HCL's judicial lien occurred within ninety days prior to the filing of the debtor's bankruptcy petition and therefore is subject to avoidance by the trustee pursuant to 11 U.S.C. § 547(b).[2] Summary judgment will be granted in favor of the trustee on the question of whether the transfer occurred within ninety days prior to the filing of the debtor's bankruptcy petition.

The only other point of contention between the parties is whether HCL's judicial lien, if not avoided, would enable HCL to receive more than it would in a chapter 7 distribution without benefit of the judgment lien. Because no stipulations or affidavits have been presented on this issue, it cannot be appropriately resolved through summary judgment motions. The trustee's motion for summary judgment on his complaint to avoid the judicial lien of HCL pursuant to 11 U.S.C. § 547 will be granted except with respect to the issue of whether the transfer creating the judicial lien would enable HCL to receive more than it would in a chapter 7 distribution without benefit of the judgment lien. HCL's motion for summary judgment on the trustee's complaint will be denied.

Because, under this memorandum opinion and order, HCL's judgment lien would be avoidable even if a state court judgment were to be entered declaring the conveyance of April 10, 1987, to be fraudulent, it would serve no purpose for the court to lift the automatic stay to allow HCL to pursue its fraudulent conveyance action in state court and its motion to lift the stay will therefore be denied.

SO ORDERED.

---

**2.** In view of this holding, it is unnecessary for the court to consider the applicability of § 547(e)(3) which provides that, for purposes of

§ 547, a transfer is not made until the debtor has acquired rights in the property transferred.