In re Stanley E. RHOADS, Debtor.

Stanley E. RHOADS, Plaintiff,

v.

John R. JORDAN, Defendant.

Bankruptcy No. SA 90–00509 JW.
Adv. No. SA 90–0680 JW.

United States Bankruptcy Court,
C.D. California.

July 25, 1991.

Dennis Winters of Minier & Winters, Santa Ana, Cal., for debtor/plaintiff.

Joseph Russo, San Diego, Cal., for defendant.

MEMORANDUM OF DECISION

JOHN J. WILSON, Bankruptcy Judge.

I. *Factual and Procedural Background*

Stanley E. Rhoads ("Rhoads") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on January 24, 1990. Prior to Rhoads' bankruptcy filing, John R. Jordan ("Jordan") filed a complaint against Rhoads in Imperial County Superior Court concerning a partnership between Rhoads and Jordan entered prior to Rhoads' mar-

riage. Jordan obtained a default judgment against Rhoads, entered on August 22, 1989, in the amount of $176,028.82. Jordan filed abstracts of judgment against Rhoads in Los Angeles County on October 24, 1989, in San Diego County on October 26, 1989 and in Orange County on December 4, 1989.

At the time of the filing of the abstracts of judgment, Rhoads owned a home in Huntington Beach which he purchased with his wife in September 1985 ("Property"). Rhoads and his wife took title to the Property as "Stanley E. Rhoads and Kathy D. Rhoads, husband and wife as joint tenants." In the schedules attached to his bankruptcy petition, Rhoads characterized his interest in the Property as "½ Joint tenant interest value of property estimated at $360,000.00." Rhoads listed the "market value of debtor's interest" in the Property as $180,000.00. In his bankruptcy schedules, Rhoads also claimed a homestead exemption interest in the Property under Cal.Code Civ.Proc. § 704.910 in the amount of $45,000.00 (the then-applicable exemption as "head of household").

Rhoads filed an adversary complaint against Jordan on July 26, 1990 ("Complaint"), seeking to avoid Jordan's judicial lien on the Property ("Jordan lien") under 11 U.S.C. § 522(f). The Complaint also sought to avoid as a preferential transfer under 11 U.S.C. § 547(b) the transfer of interest in the Property which occurred as a result of the filing of the abstract of judgment.

On April 30, 1991, Rhoads filed a motion for summary judgment on both causes of action of the adversary complaint. Each party contends that there is no triable issue of fact. Jordan did not submit any statement of genuine issues in response to Rhoads' motion, as required by Local Rule

111(5).[1] In his pleadings, Jordan presented no opposition to the summary judgment motion on Rhoads' preferential transfer theory.

## II. Lien Avoidance Theory

■ Rhoads' first cause of action alleges that Rhoads may avoid the Jordan lien under 11 U.S.C. § 522(f) because it impairs his homestead exemption in the Property.[2] To determine whether a judgment lien impairs the homestead exemption, the court should deduct senior consensual liens from the value of the debtor's interest in the property. If the amount remaining after this deduction is less than the amount of the exemption, the lien is avoided in its entirety. *In re Galvan,* 110 B.R. 446 (Bankr. 9th Cir.1990). Because Rhoads holds the Property in joint tenancy with his wife, Rhoads' homestead exemption is deducted solely from the value of his interest in the Property, which is one-half of the total value of the Property less encumbrances. *In re Schneider,* 9 B.R. 488 (N.D.Cal.1981).

Rhoads' § 522(f) analysis, following *Schneider* and *In re Miles,* 35 B.R. 52 (Bankr.E.D.Cal.1983), was:

| | |
|---|---|
| Property Value | = $360,000.00 |
| Debtor's ½ Interest | = $180,000.00 |
| 1st Deed of Trust | = ($259,000.00) |
| Balance | = ($ 79,000.00) |
| Homestead | = ($ 45,000.00) |
| Balance | = ($124,000.00) |

Jordan opposed the summary judgment motion on the lien avoidance theory, claiming that Rhoads held the Property as community property. Therefore, according to Jordan, the value of Rhoads' interest in the Property is the full $360,000.00. Subtracting the $259,000 Bank of America first deed of trust on the Property, the equity in the Property before considering the Jordan

1. "Any party who opposes the motion [for summary judgment] shall, not later than 11 days before the hearing on the motion, serve and file a separate concise 'statement of genuine issues' with responding papers setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, and referencing each fact to the evidence which establishes the genuine issue to be litigated." Local Rule 111(5).

2. Notwithstanding any waiver of exemptions, Debtor may avoid affixing of a lien on an interest of the Debtor in property to the extent that such lien impairs an exemption to which the Debtor would have been entitled under subsection (b) of this Section, if the lien is—(1) a judicial lien.... 11 U.S.C. § 522(f).

lien would be $101,000.00. Jordan seeks in effect to double the value of Rhoads' interest in the Property. If he is right, the judicial lien on the Property could not be avoided under § 522(f) because Rhoads' homestead exemption would be unimpaired. Jordan's calculations would be as follows:

| | | |
|---|---|---|
| Community Property = Value = Debtor's interest | | $360,000.00 |
| 1st Deed of Trust | = | ($259,000.00) |
| Balance | = | $101,000.00 |
| Homestead | = | $ 45,000.00 |
| Balance | = | $ 56,000.00 |

■ A married couple in California may hold property in joint tenancy, tenancy in common, or as community property. (Cal.Civ.Code § 5104 (West Supp.1991).) California law presumes that a married couple who acquire property while married hold the property as community property. (Cal.Civ.Code § 5110 (West Supp.1991); *see* 11 B. Witkin, Summary of California Law, *Community Property* § 95 (9th ed. 1990).) A declaration in a deed or other title instrument that the parties take the subject property as joint tenants raises a presumption that the married couple intended to take title in joint tenancy. (*See* 11 B. Witkin, Summary of California Law, *Community Property* § 190(b) (9th ed. 1990).)

Citing Cal.Civ.Code § 4800.1, Jordan claims that the Property is not held in joint tenancy. § 4800.1 states:

(b) For the purpose of division of property upon dissolution of marriage or legal separation, property acquired by the parties during the marriage in joint form, including property held in ... joint tenancy, ... is presumed to be community property.

*Id.* (West Supp.1991).

Under Cal.Civ.Code § 5120.110,

[C]ommunity property is liable for a debt incurred by either spouse *before or during* marriage, regardless which spouse has the management and control of the property and regardless whether one or both spouses are parties to the debt or to a judgment for the debt.

*Id.* (West Supp.1991) (emphasis added).

Therefore, the entire Property, under Jordan's theory, is subject to the Jordan lien regardless of whether the judgment giving rise to the Jordan lien was a separate or community debt.

Jordan's theory fails because § 4800.1 on its face does not apply here. The language of § 4800.1 clearly limits its application to dissolution of marriage. This case is not about the characterization of property upon dissolution of marriage. Rather, this case is very similar to the facts of *Miles*, where the court stated:

Since this is not a case of dissolution or legal separation, the general presumption of community property would apply, subject to the traditional methods of rebuttal. By taking title to the property as joint tenants, the Debtor and his wife have rebutted the general presumption that the home was acquired as community property. With the presumption rebutted, the burden of going forward rests on the party attacking the state of title. The Creditor has failed to present evidence that would show a contrary intention of the parties. Therefore, this court finds that the Debtor holds merely an undivided one-half interest in the residence as a joint tenant.

*Miles* at 53.

In *In re Murray*, 105 B.R. 576 (Bankr. C.D.Cal.1989), the court considered the effect of § 4800.1 in a case where a debtor attempted to avoid a judgment lien that arose when a creditor of the debtor's deceased spouse filed an abstract of judgment, obtained against the decedent, that attached to the debtor's real property. The creditor in *Murray* contended that the abstract of judgment lien attached to the debtor's property as community property, even though the title instrument stated that the property was held in joint tenancy. The court stated:

[§ 4800.1] relates to marital dissolutions.... By its terms, it does not void the right of a husband and wife to take title as joint tenants and to enjoy the benefits that title in that manner creates.... I find [§ 4800.1] inapplicable in this case as there was no dissolution between [husband and wife] and, as such, the property, at the time of the

death of [the non-debtor spouse], was held in joint tenancy.

*Id.* at 580.

Jordan's contentions are procedurally flawed because of his failure to produce any evidence showing that a triable issue of fact exists regarding the proper characterization of the state of title. This failure is compounded by Jordan's failure to submit the "statement of genuine issues" required by the Local Rules. Furthermore, on the merits, the evidence presented demonstrates that the Jordan lien impairs Rhoads' homestead exemption. Therefore, Rhoads' motion for summary judgment on the § 522(f) cause of action should be granted.

### III. Avoidance of Preferential Transfer

 Jordan offered no opposition to Rhoads' motion for summary judgment on the § 547(b) cause of action. The recordation of the abstract of judgment occurred within ninety days of the filing of Rhoads' bankruptcy petition. The filing of an abstract of judgment constitutes a transfer of property within the meaning of § 547(b). *See Carter v. HCL Leasing Corp. (In re Martin),* 87 B.R. 394, 396–397 (Bankr.E.D.N.C.1988). Therefore, the recording of Jordan's abstract of judgment within ninety days of Rhoads' bankruptcy filing establishes the transfer element of an avoidable preference under § 547(b). Rhoads may avoid preferential transfers under 11 U.S.C. § 522(h) when, as here, the Chapter 7 trustee has failed to do so under § 547(b). Finding uncontroverted facts in the record establishing every element of a cause of action for avoidance of preferential transfer, Rhoads' summary judgment motion on the § 547(b) cause of action should be granted.

### IV. Summary of Holding

Rhoads' motion for summary judgment on the § 522(f) cause of action of the adversary complaint is hereby granted because the Jordan lien impairs Rhoads' homestead exemption in the Property. Furthermore, Rhoads has presented evidence establishing each element of an avoidable preferential

transfer under 11 U.S.C. § 547(b). Jordan did not oppose the motion for summary judgment on this cause of action. Therefore, Rhoads' motion for summary judgment motion on the § 547(b) cause of action of the adversary complaint is hereby granted. The judicial lien on the Property is avoided, and Jordan's claim against Rhoads for $176,028.82 is an unsecured claim without priority in Rhoads' bankruptcy estate.

### V. Conclusion

This memorandum of decision contains the Court's findings of fact and conclusions of law. Counsel for Rhoads shall prepare, lodge and serve a proposed statement of findings of fact and conclusions of law, and an appropriate order granting summary judgment, consistent with this memorandum of decision.