Robert S. LEVENTHAL, Plaintiff,

v.

NEW VALLEY CORPORATION, Defendants.

No. 91 Civ. 4238 (CSH).

United States District Court, S.D. New York.

April 6, 1993.

Lord Day & Lord, Barrett Smith, New York City, for plaintiff; David Simon and Kenneth A. Brown, of counsel.

Ohrenstein & Brown, New York City, for respondents; Stanley M. Kolber, of counsel.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Plaintiff, a former corporate officer, brought this action against the corporation to recover damages arising out of the latter's breach of a separation agreement. Plaintiff moved for summary judgment. This Court granted plaintiff's motion in a Memorandum Opinion and Order dated January 16, 1992, familiarity with which is assumed. That Opinion sets forth the circumstances of the case.

## FURTHER BACKGROUND

Prior to filing of the Court's Opinion granting plaintiff summary judgment, several creditors of the corporate defendant, New Valley Corporation, filed an involuntary bankruptcy petition against it on November 15, 1991. Following filing of the opinion granting summary judgment, counsel for New Valley requested that I withdraw the opinion as "void," and prohibit any "utilization" of it by plaintiff, given the bankruptcy filing. I denied that relief, holding only that formal entry of judgment against New Valley would be stayed pending any lifting of the bankruptcy stay, and suggesting further that "there may be future actions against individuals that would not be prevented by this stay." Order dated February 11, 1992 at 1–2.

It appears from the proceedings in bankruptcy court that plaintiff has no prospect of collecting his judgment, an amount in excess of $600,000, against New Valley.

In these circumstances, plaintiff moves for sanctions against several respondent attorneys representing or affiliated with New Valley who participated in the unsuccessful defense of the case. Plaintiff invokes Rule 11, Fed.R.Civ.P.; the provisions of 28 U.S.C. § 1927; and the inherent power of the trial court.

Plaintiff asks that the sanctions to be imposed against the attorneys involved include plaintiff's attorney's fees and costs incurred in this litigation, and liability for his seemingly uncollectible judgment against New Valley.

■ Plaintiff seeks these sanctions from John C. Walters, at the pertinent times the senior vice president and general counsel of New Valley's corporate predecessor, with whom plaintiff negotiated the severance agreement in suit; Michael D. Brown and Ivy S. Fischer, affiliated with the firm of Ohrenstein & Brown, New Valley's outside counsel, who defended the litigation; and the firm of Ohrenstein & Brown itself. The claim against the Ohrenstein firm is based upon § 1927, plaintiff recognizing that Rule 11 sanctions run only against the attorney signing a paper, and not his or her firm. *See Pavelic & LeFlore v. Marvel Entertainment Group,* 493 U.S. 120, 124, 110 S.Ct. 456, 458, 107 L.Ed.2d 438 (1989). A firm can be sanctioned under § 1927. *Brignoli v. Balck Hardy & Scheinman, Inc.,* 735 F.Supp. 100, 102 (S.D.N.Y.1990).

Brown and Fischer signed various pleadings, motions and other papers submitted on behalf of New Valley in response to plaintiff's complaint and in opposition to his motion for summary judgment. Walters submitted an affidavit in support of New Valley's opposition to summary judgment.

## DISCUSSION

It is useful to review at the outset the three sources of sanctioning authority plaintiff relies upon.

Rule 11, Fed.R.Civ.P., whose sentences I have separately numbered for clarity of discussion, provides in its entirety:

■ Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. [2] A party who is not represented by an attorney shall sign the party's pleading, motion, or other paper and state the party's address. ■ Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. ■ The rule in equity that the averments of an answer under oath must be overcome by the testimony of two witnesses or of one witness sustained by corroborating circumstances is abolished. [5] The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purposes, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. [6] If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. [7] If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

28 U.S.C. § 1927 provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

■ The courts' inherent power resides *in pectore judicis,* so there is nothing specific to quote. The Supreme Court has recently said that the trial court's inherent power to impose sanctions for bad-faith conduct is "broader and narrower than other means of imposing sanctions," and "must continue to exist to fill in the interstices." *Chambers v. NASCO,* ── U.S. ──, ──, 111 S.Ct. 2123, 2134, 115 L.Ed.2d 27 (1991).

■ A threshold issue involves the liability of Walters for sanctions, under the three sources of sanctioning power. I conclude that Walters has no liability under any of them.

Under sentence [1] of Rule 11 liability may be visited upon an "attorney of record" who signs a "pleading, motion, [or] other paper of a party represented by an attorney." As sentence [5] indicates, "an attorney or party" may sign a pleading, motion or other paper; and if the party signs, it is bound, as is the attorney, by the Rule 11 obligation to "stop, look and think" in an objectively reasonable fashion. In *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.,* 498 U.S. 533, 542, 111 S.Ct. 922, 929, 112 L.Ed.2d 1140 (1991), the Supreme Court said:

> The heart of Rule 11 is sentence [5], which explains in detail the message conveyed by the signing of a document. A signature certifies to the court that the signer has read the document, has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well-grounded in both, and is acting without any improper motive.

As noted, at the pertinent times Walters was New Valley's senior vice president and general counsel. His asserted liability for sanctions is based upon an affidavit he submitted in opposition to plaintiff's summary judgment motion. Rule 11 sanctions are not available against Walters because he was neither "an attorney of record" nor "a party" within the contemplation of the Rule. Brown and Fischer were the attorneys of record. New Valley was the party. Walters was an affiant-witness, who happened also to be an attorney. His corporate office is sufficient to visit liability for sanctions upon New Valley, if Walters' conduct upon behalf of that party was in fact sanctionable; but there is no basis in the Rule for sanctioning Walters himself.

*Business Guides*, upon which plaintiff relies in pursuing Walters, is not to the contrary. In that case, and on the basis of affidavits submitted by corporate officers, Rule 11 sanctions were visited upon the corporate party. While the affiant in question does not appear to have been an in-house attorney (he was the corporate director of research), I do not think that makes any difference in the analysis.

For comparable reasons I also decline to sanction Walters under § 1927 or the Court's inherent powers.

■ Turning to the attorneys of record, I agree with plaintiff that the papers filed in opposition to the summary judgment motion are sanctionable under Rule 11. The basis for that conclusion appears from a reading of the opinion granting summary judgment. Resisting plaintiff's motion, New Valley threw up a number of defenses of varying degrees of frivolity and lack of substance. In their opposition to the present motion for sanctions, counsel seek in substance to reargue certain of these points, and contend that discovery (which occurred after submission of the summary judgment papers) gave New Valley additional ammunition. None of these contentions is sufficient, separately or in the aggregate, to disguise the essential lack of validity of New Valley's opposition to summary judgment, in fact or in law: a lack observable to the reasonable, objective beholder.

While I conclude that some Rule 11 sanction must be imposed upon the individual attorneys at the Ohrenstein firm, there are complicating factors.

First, it is clear that Walters had considerable input on the defense side. Second, plaintiff and his counsel pressed the litigation at an aggressive rate of speed. I am not critical of them for that tactic; their concern for New Valley's financial viability was well founded. The facts remain, however, that plaintiff filed his complaint on June 20, 1991; plaintiff moved for summary judgment on July 12, 1991; the Ohrenstein firm had no prior familiarity with the case, being retained by New Valley to defend against it; plaintiff's counsel opposed all requests by their adversaries for enlargements of time to answer or respond to the motion; and plaintiff succeeded in submitting his motion for decision prior to discovery.

Walters, the corporate officer and general counsel, played an important role in the defense; and I think his affidavit is sanctionable, although for the reasons stated below it is New Valley, the client, rather than Walters who may be sanctioned under Rule 11.

■ The Rule gives the trial court discretion to determine whether sanctions should be imposed "upon the person who signed [the offending paper], a represented party, or both ..." I think that in the circumstances of this case, it is fair to impose the sanction jointly, but not severally, upon New Valley on the one hand, and counsel of record on the other. I recognize that the portion ascribable to New Valley is probably uncollectible, but I believe this to be the proper resolution.

■ I decline to impose sanctions against these attorneys or the Ohrenstein firm under § 1927 or the Court's inherent powers. Each requires a showing of bad faith. The gravamen of plaintiff's complaint is that New Valley, aided and abetted by its attorneys, subjected plaintiff to protracted litigation delay in order that bankruptcy might intervene and deprive plaintiff of the fruits of his judgment. As noted, however, there was no appreciable delay; and New Valleys' bankruptcy was involuntary, not voluntary. One can hypothesize a case where protracted litigation maneuver and delay culminate in a carefully timed voluntary bankruptcy, but this is not such a case. Plaintiff's argument, stripped of rhetoric, is that the only good faith option available to New Valley's outside counsel was to run up the white flag of surrender in response to the complaint itself, or at the very latest when plaintiff moved for summary judgment. Given the accelerated pace of the litigation, outside counsel's previous unfamiliarity with the circumstances, and their necessary reliance upon Walters, I am not prepared to conclude that counsel acted in bad faith. "Bad faith is the touchstone of an award" under § 1927, and an award under the statute "is proper when the attorney's actions are so completely without merit so as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *United States v. International Brotherhood of Teamsters,* 948 F.2d 1338, 1345 (2d Cir.1991), citing and quoting *Oliveri v. Thompson,* 803 F.2d 1265, 1273 (2d Cir.1986), *cert. denied,* 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987). The Supreme Court has cautioned that "because of the 'potency' of a court's inherent power, it should be exercised 'with restraint and discretion.'" *United States v. International Brotherhood of Teamsters* at 1345, citing and quoting *Chambers v. NASCO, Inc., supra,* at —— U.S. ——, 111 S.Ct. 2132. I do not think that the conduct of the attorneys in this case rises, or sinks, to those levels.

■ It remains to decide the form and amount of sanctions to be imposed upon the attorneys in question under Rule 11. I conclude that the sanctions will consist of plaintiff's reasonable expenses incurred in connection with the summary judgment motion, including a reasonable attorneys' fee. Thus the sanction will not include fees and expenses incurred in connection with the original investigation of the case and the preparation and filing of the complaint. I also deny plaintiff's application to include its costs of the present motion.

I reject plaintiff's contention that New Valley's attorneys of record should be required to pay the judgment plaintiff recovered against New Valley. While Rule 11 mandates "an appropriate sanction," there is no persuasive authority for so startling a penalty.

Plaintiff relies upon *Davis v. Veslan Enterprises,* 765 F.2d 494 (5th Cir.1985). In *Davis* the plaintiff recovered a $13 million verdict against defendant in a state court. One day before a hearing set on plaintiff's motion for judgment on the verdict, defendant filed a petition for removal to federal court. As a result of that filing, subsequently condemned as frivolous, the state court could not enter the judgment until the case was remanded. Because state law provided that interest could run only from the date of the entry of judgment, plaintiff lost and defendant gained from the delay in entering judgment. In these circumstances, the trial court sanctioned the defendant (not its attorney) an amount equivalent to the lost interest.. The Fifth Circuit affirmed.

*Davis* is inapposite. In that case there was a clear causal connection between the frivolous petition for removal and the interest on the judgment lost to plaintiff for the period between removal and remand. The case at bar would present an analogous circumstance only if it could be said that New Valley's opposition to plaintiff's summary

judgment motion caused plaintiff's inability to collect his judgment against New Valley. There is no basis for that conclusion. As noted, New Valley was placed into bankruptcy by involuntary petition on November 15, 1991. Under the Bankruptcy Code, 11 U.S.C. § 547(b), the trustee or debtor may avoid any judgment against the debtor obtained "on or within 90 days before the date of the filing of the petition." § 547(b)(1)–(4)(A). Even if the judgment was obtained more than 90 days before the date of the filing of the bankruptcy petition, efforts to enforce the judgment by transfers of property fall within § 547(b) if they occur within the 90–day period. *See In re Rhoades,* 130 B.R. 565, 568 (Bankr.C.D.Cal.1991) (recordation of abstract of judgment within 90 days of bankruptcy petition avoidable by Chapter 7 debtor as a preferential transfer); *In re McMahon,* 70 B.R. 290, 293 (Bankr.N.D.N.Y. 1987) (levying upon property, same result).

In the case at bar, it is not reasonable to assume that in a case commenced by filing of a complaint on June 20, 1991, a judgment in excess of $600,000 could have been obtained against New Valley and collected by August 17, 1991, that being the last date of the 90–day period. Plaintiff filed his summary judgment motion on July 12, 1991. Civil Rule 3(c)(2) of this Court provides that such a motion "shall be served at least fifteen days before the return date unless otherwise directed by the court," with opposing papers to be served at least seven days before the return date. Plaintiff at bar followed that timetable; its summary judgment motion was made returnable on July 26, 1991. Even if I had decided the motion in plaintiff's favor on the return date—which of course was never within the bounds of possibility—plaintiff would have had to enter judgment and collect it before August 17 to avoid the effect of the bankruptcy filing.

Accordingly, assuming without deciding that damages of this nature are recoverable as a Rule 11 sanction, they are not recoverable in this case because there is no causal connection between the sanctionable conduct and the loss complained of.[1]

For the foregoing reasons, attorneys Brown and Fischer are sanctioned in an amount equal to one-half of plaintiff's litigation costs and attorneys fees, as delimited by this opinion. Brown is liable for one-half of that amount and Fischer for the other half. Neither is responsible for the failure of the other to respond to the amount eventually determined.

If plaintiff determines to press his claim for sanctions, counsel for plaintiff must file and serve affidavits and contemporaneous time sheets within thirty (30) days of the date of this Opinion and Order. The responding attorneys may file and serve opposing papers as to the amount claimed within twenty-one (21) days of the date of service of such documents upon them. The Court will then consider the necessity of an evidentiary hearing.

The foregoing is So Ordered.

---

1. That lack of causal connection between the attorneys' conduct and the uncollectibility of the judgment would also bar recovery under § 1927 and the Court's inherent power if, contrary to my conclusion, liability lay under those theories.